FILED
SUPERIOR COURT
OF GUAM

2023 AUG 10 PM 1: 34

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

**CIVIL CASE NO: CV0638-21**

JOSEPH CRUZ and AILEEM CRUZ,

Plaintiffs,

vs.

FRANK SIK YO, YUKO YO, and JESSICA YO,

Defendants.

**DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

This matter came before the Honorable Dana A. Gutierrez on Plaintiffs' Joseph Cruz ("Joseph") and Aileem Cruz ("Aileem") (collectively, the "Cruzes") Motion for Summary Judgment; Memorandum of Points and Authorities; Exhibits A-U ("Motion for Summary Judgment) filed September 2, 2022. On February 21, 2023, a Motion Hearing for the Cruzes' Motion for Summary Judgment was held.[1] On March 24, 2023, the parties submitted further briefing. Upon review of the parties' further briefings, the Court took the matter under advisement on May 11, 2023. Upon review of the arguments and applicable law, the Court hereby **DENIES** the Cruzes' Motion for Summary Judgment on their quiet title claim.

## BACKGROUND

On August 20, 2021, the Cruzes filed a Complaint for Declaratory Judgment, or in the Alternative, to Quiet Title (the "Complaint") with regard to real property described as Lot 155, Unit 2, Tract 317, located at #119 Cherry Blossom Lane, Latte Heights, Mangilao, Guam (the

---

[1] Present at the hearing were the Cruzes with counsel Attorney Geri Diaz and Defendant Yuko and Jessica Yo's counsel Attorney William Gavras.

"Property").[2] On October 27, 2021, Defendants Yuko Yo ("Yuko") and Jessica Yo ("Jessica") filed an Answer to the Complaint ("Answer"). On October 29, 2021 the Cruzes filed a Request for Entry of Default, requesting that the Court enter default against Yuko and Jessica and Defendant Frank Sik Yo ("Frank") for their alleged failure to plead or respond to the Complaint.

At the March 1, 2022 Scheduling Conference, there was discussion regarding Yuko and Jessica's Answer and the Cruzes' subsequent Request for Entry of Default, and the parties requested time to brief the issue of whether default should be entered against any parties. Min. Entry, at 9:23:56-9:26:49 AM (March 1, 2022). On March 17, 2022, the Cruzes filed a Stipulation of Parties for Enlargement of Time to File Plaintiff's Motion in Support of the Request for Entry of Default. On April 20, 2022 the Cruzes filed an Amended Request for Entry of Default, stating that the Cruzes wanted to "proceed on the merits of the claims" against Yuko and Jessica and only sought an entry of default against Frank. Am. Req. for Entry of Default, at 1-2 (April, 20, 2023). On April 21, 2022, the Clerk of Court entered default against Frank. Entry of Default, at 1 (April 21, 2023).

On September 2, 2022, the Cruzes filed the Motion for Summary Judgment, seeking summary judgment on their quiet title claim as bona fide purchasers, and filed Affidavits in support from Joseph, Aileem, Attorney Geri Diaz, and Jenna Sablan, a Title Operations Manager at Title Guaranty of Guam. Mot. for Summ. J., at 1.

---

[2] The entire property description listed in the Complaint is:

> Lot 155, Unit 2, Tract 317 (Formerly Lot 5353-1), Municipality of Mangilao (Formerly of Barrigada), Territory of Guam, Suburban, as said Lot is marked and designed on Drawing Number 3269-2A, as LM. Check Number 145 FY 75, as described in that Subdivision Survey Map, dated May 20, 1975 and recorded May 2, 1975, at the Records Division, Department of Land Management, Government of Guam, under document number 256446.

> Area 6,825 +/- square feet.

Complaint, at 2.

On September 29, 2022, Defendants filed an Opposition to Plaintiff's Motion for Summary Judgment (the "Opposition"). On October 21, 2022, the Cruzes filed a Reply to Defendant's Opposition (the "Reply"). On December 1, 2022, Yuko and Jessica filed a Declaration of Counsel Pursuant to Rule 56(d)(2) and (3) and/or Rule 56(e)(1) ("Declaration of Attorney Gavras").

On February 21, 2023, a Motion Hearing was held. At the hearing, the parties presented oral arguments including the possible effect of the March 22, 2021 Decision and Order (the "March 22, 2021 D&O") in Superior Court Domestic Case No. DM0659-18 ("DM0659-18") on the proceedings. Min. Entry, at 10:14:37-10:38:18 AM (February 21, 2023). When the Court inquired whether the Cruzes intended to file anything in DM0659-18, Attorney Diaz replied that they were not intending to because the Cruzes believed that bringing this new action "was a more effective way to preserve [the Cruzes'] rights." Min. Entry, at 10:18:43-10:20:10 AM (February 21, 2023).

At the end of the Motion Hearing, the Court ordered further briefing with regard to: (1) the status of the filing of the March 22, 2021 D&O with the Guam Department of Land Management, (2) whether the March 22, 2021 D&O's cancellation of the Cruzes' deed to the Property raises a genuine issue of material fact in this matter, (3) the Court's ability to review another trial court's March 22, 2021 D&O, and (4) whether the Cruzes have the ability to motion the trial court for reconsideration of its March 22, 2021 D&O and how such reconsideration would affect this case. *See* Min. Entry, at 10:47:43-10:52:23 AM (February 21, 2023); Order for Further Briefing, at 2 (Feb. 22, 2023).

On March 24, 2023, the Cruzes filed Plaintiff Joseph Cruz and Aileem Cruz's Further Briefing ("Cruzes' Further Briefing") and an Affidavit of Geri E. Diaz in support of the Cruzes'

3

Further Briefing. In addition, on March 24, 2023, Yuko and Jessica filed a Plaintiffs Response to Court's Order on Further Briefing ("Yos' Further Briefing").[3] Upon review of the parties' further briefings, the Court took the matter under advisement and now issues this Decision and Order.

## DISCUSSION

The issue before the Court is whether to grant the Cruzes' Motion for Summary Judgment to quiet title on the basis of bona fide purchaser status or whether the March 22, 2021 D&O in DM0659-18 prevents summary judgment of their claim.

### I.    Standard for Summary Judgment

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. ("GRCP") Rule 56(a). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a fact-finder." *Camacho v. Perez*, 2017 Guam 16 ¶ 12 (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26 (citing *Gayle v. Hemlani*, 2000 Guam 25 ¶ 20) (quotations omitted).

When reviewing a motion for summary judgment, "[the] court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Id.* "A movant bears the initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27. "If such a showing is made, however, the non-movant may not simply deny the allegations to create

---

[3] While the caption for Yuko and Jessica's filing is titled "Plaintiffs'," the Court notes that Yuko and Jessica are two of the defendants in this matter.

a factual dispute, but is obligated to set forth specific facts showing there is a genuine issue for trial." *Id.*; *see Bank of Guam v. Flores,* 2004 Guam 25 ¶ 7 (finding that the non-movant must "produce at least some significant probative evidence to support the pleadings").

**II.** **The Cruzes Seek Summary Judgment on Their Quiet Title Claim, Alleging That They Are Bona Fide Purchasers and That the March 22, 2021 D&O in DM0659-18 Does Not Affect Their Claim**

**A.** **The Cruzes Claim Superior Title As Bona Fide Purchasers of the Property**

The Cruzes move for summary judgment on their quiet title claim, claiming that "the record conclusively shows that there is no genuine issue of material fact that the Cruzes were bona fide purchasers" and, therefore, have a superior claim to title. Mot. for Summ. J., at 8.

The Cruzes allege that they entered into a purchase agreement with Frank on March 2, 2020 to purchase the Property. *Id.* at 3. On May 1, 2020, the Cruzes claim they paid valuable consideration for the Property through the payment of ten dollars ($10.00) as indicated on the Warranty Deed, and later took out a mortgage with Norcom Mortgage for $228,000.00. *Id.* at 3-5, 8, Ex. L, N.

The Cruzes assert that before purchasing the Property, they had previously received a Commitment for Title Insurance from Title Guaranty of Guam. *Id.* at 3. The Cruzes claim that based upon that report, the "[Department of Land Management ("DLM")] land records showed that Dai Sik Yo owned the property in fee simple and unencumbered by any future interest and that Dai Sik Yo legally changed his name to Frank Sik Yo in 1996." *Id.* at 9. In addition, the Cruzes claim that Frank "did not provide the Cruzes with any information that would have provided notice to the Cruzes of any adverse interests" and even "willfully attested that he held title to the Property in Fee Simple." *Id.* Therefore, the Cruzes allege that they "were without actual or constructive notice of Defendants [*sic*] interest" when they made the purchase of the

Property on May 1, 2020. *Id.* The Cruzes then claim they recorded their Warranty Deed on May 4, 2020 with the DLM. *Id.* at 3.

The Cruzes argue that because the Defendants did not file a notice of *lis pendens* with regard to DM0659-18 until July 2020, the March 22, 2021 D&O "has no effect on the validity of the rights in the Property that the Warranty Deed conveyed to the Cruzes," which was recorded earlier on May 4, 2020. *Id.* at 10-11. The Cruzes claim that 21 GCA § 37102 provides support for their position, stating that "every conveyance of real property is void against 'any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record notice of action.'" *Id.* at 8-9.

In response, Yuko and Jessica argue that "Judge Barcinas canceled the deed that purported to grant Plaintiffs the interest in the property" and therefore "the Plaintiffs are situated no differently than had they deeded all their interest in the property the day prior to filing this action." Opp'n, at 1, 4. Yuko and Jessica claim that the Cruzes cannot have superior title with a "judicially cancelled deed (a nullity)." *Id.* at 2. Further, Yuko and Jessica claim that the "Plaintiffs incorrectly state . . . that 21 GCA § 37102 supports their assertion of summary judgment." *Id.* at 7. Yuko and Jessica claim that the "Plaintiffs take from § 37102 that if a deed is filed prior to the filing of a *lis pendens*, the deed is not void" but "Section 37102 states that if a deed is not filed prior to the filing of a *lis pendens*, then the deed is void," which is a different proposition. *Id.*

1.  **A Quiet Title Claim May Be Brought by Any Person Seeking to Remove Adverse Claims on Their Property**

A party may remove adverse claims on property through a quiet title action. Under Guam's Quiet Title statute:

> An action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him, for the purpose of determining such adverse claim . . . .

21 GCA § 25101.[4] Based upon the statute, any person with an interest in real property may bring a quiet title claim against another who has an adverse claim in said property. *Id.*

Courts recognize that "it is well established that actions to quiet title, like true declaratory relief actions, are generally equitable in nature." *Caira v. Offner*, 24 Cal. Rptr. 3d 233, 242 (Cal. App. 4th Dist. 2005) (citation omitted). The purpose of a quiet title action "is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he [or she] may be entitled to." *Deutsche Bank Natl. Tr. Co. v. Pyle*, 220 Cal. Rptr. 3d 691, 699 (Cal. App. 4th Dist. 2017).

### 2. A Bona Fide Purchaser Acquires Property Free and Clear of All Prior Unrecorded Claims

A party may resolve an adverse claim against property through a quiet title action when the party is a bona fide purchaser. *See Vasquez v. LBS Fin. Credit Union*, 265 Cal. Rptr. 3d 78, 86 (Cal. App. 2d Dist. 2020) ("A bona fide purchaser without notice may seek a legal determination through a quiet title action that the title it obtained remains free and clear of any adverse interest in the property.").

"Under the bona fide purchaser doctrine, a good faith real estate purchaser for value who is without actual or constructive notice of another's interest in the property purchased has the superior interest in the property." *Taitano v. Lujan*, 2005 Guam 26 ¶ 27 (citing 7 GCA § 37102 (2005)).

---

[4] While the Supreme Court of Guam has not provided the specific elements for a quiet title claim, 21 GCA § 25101 is sourced from the California Code of Civil Procedure ("CCP") Rule § 738, and therefore, California case law provides persuasive authority. *Cruz v. Cruz*, 2005 Guam 3 ¶ 9 (finding that California case law is "persuasive" authority for Guam statutes that are derived from California statutes).

Guam's race-notice statute, 21 GCA § 37102, states that:

> Every conveyance of real property, other than a lease for a term not exceeding one (1) year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action.

21 GCA § 37102.

Further, Guam's recording statute provides:

> Every grant of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer who in good faith and for valuable consideration acquires a title or lien by an instrument that is first duly recorded.

21 GCA § 4204.

The Supreme Court of Guam has found that "[o]ne of the functions of sections 37102 and 4204 is to permit a purchaser or encumbrancer without actual or constructive knowledge of another's rights, who pays valuable consideration for his interest in real property in good faith and who records his interest, to receive an interest in the property free and clear of all prior unrecorded claims." *Taitano*, 2005 Guam 26 ¶ 53.

### 3. There Are No Genuine Issues of Material Fact That the Cruzes are Bona Fide Purchasers Prior to the March 22, 2021 D&O

While Yuko and Jessica raise concerns about the alleged effect of the canceling of the Cruzes' deed in the March 22, 2021 D&O and the interpretation of 21 GCA § 37102, they do not dispute any of the alleged facts regarding the Cruzes' status as bona fide purchasers *prior* to the issuance of the March 22, 2021 D&O. Therefore, based upon the undisputed facts, the Court finds that the Cruzes paid Frank valuable consideration of ten dollars ($10.00) for the Property. *See Damian v. Damian*, 2015 Guam 12 ¶ 56 (finding that consideration of even one dollar is sufficient consideration for the purchase of a property as a bona fide purchaser). Further, the

court finds that the Cruzes purchased the Property in good faith without actual or constructive notice of any other interest in the Property, believing that Frank owned the property in fee simple, and then recorded the Warranty Deed for the Property on May 4, 2020 at the DLM.

The Court finds that the Cruzes established that there are no genuine issues of material fact with regard to these facts. For this reason, the Court finds that the Cruzes were bona fide purchasers of the Property prior to the March 22, 2021 D&O. However, the Court now turns to the alleged effect of the "cancellation" of the deed in the March 22, 2021 D&O, and the Cruzes' ability to bring this independent action claiming superior title.

## III. Despite the Fact That the Cruzes May Be Bona Fide Purchasers, This Court Cannot Grant the Relief the Cruzes Are Seeking and the Cruzes Must Seek Relief from the March 22, 2021 D&O in DM0659-18

The March 22, 2021 D&O in DM0659-18 ordered that "[a]ny deed to the [Property] from Frank to the Cruz family otherwise is hereby **CANCELLED**."[5] Mot. for Summ. J., at Ex. S. The March 22, 2021 D&O further ordered that Frank "immediately transfer title" to Jessica via warranty deeds. *Id.*

Yuko and Jessica claim that "Judge Barcinas may or may not have ruled correctly, but Plaintiffs cannot maintain this separate action in order to right Judge Barcinas' alleged wrong." Opp'n, at 1. They further argue that the Cruzes "are seeking to overturn Judge Barcinas's order," in this independent action and claim that "[t]his Court does not have jurisdiction to cancel the cancellation since Plaintiffs have not pleaded such a cause of action or requested such relief . . . ." Yos' Further Briefing, at 3-4. Yuko and Jessica argue that instead the Cruzes "can and should move the trial court" in DM0659-18 with a GRCP Rule 60 motion to address the March 22, 2021 D&O. *Id.* at 4.

---

[5] The March 22, 2021 D&O in DM0659-18 was attached to the Cruzes' Motion for Summary Judgment as Exhibit S.

As stated above, the Cruzes do not dispute that the March 22, 2021 D&O "cancelled" the deed from Frank to the Cruzes, but instead, they contend that as bona fide purchasers, the March 22, 2021 D&O has no effect on the validity of their claim. Mot. for Summ. J., at 6, 7. Further, the Cruzes claim that the March 22, 2021 D&O was not "memorialized in the register" of the Certificate of Title and therefore "has no effect" pursuant to 21 GCA § 29190. Cruzes' Further Briefing, at 2-3.

With regard to filing a GRCP Rule 60(b) motion in DM0659-18, the Cruzes acknowledge that "non-parties" like the Cruzes are permitted to file GRCP Rule 60(b) motions, but note that it is "under limited circumstances." *Id.* at 5. The Cruzes further claim that if they "obtain a ruling from this court that they have clear title, it may be possible for them to then utilize GRCP 60(b) in the domestic case . . . ." *Id.*

A. **Collateral Attacks Against the Validity of a Judgment or Action Taken in a Different Proceeding Are Disfavored and Limited**

"Collateral attacks occur when a party challenges the validity of a judgment or action taken in a different proceeding." *Est. of Gogue v. Pangelinan*, 2020 Guam 26 ¶ 17 (citing *Pac. Rock Corp. v. Perez*, 2005 Guam 15 ¶ 24 (citing *Collateral Attack, Black's Law Dictionary* (7th ed. 1999))). Collateral attacks are generally "disfavored" and are only permissible in limited circumstances. *See In re Marriage of Jackson*, 39 Cal. Rptr. 3d 365, 370 (Cal. App. 2d Dist. 2006) (finding that collateral attacks are permissible "if the court has awarded relief to one of the parties the law declares cannot be granted").

"A fundamental defect must exist for a collateral attack to succeed." *Est. of Gogue,* 2020 Guam 26 ¶ 17 (noting the fundamental defects that support a collateral attack on a judgments are "lack of subject matter jurisdiction," "due process violations involving the absence of notice,"

"lack of personal jurisdiction," or "missing authority over disputed property."); *see Aflague v. Moylan*, 2020 Guam 18 (holding that when the statutory notice requirement for a Guam Ancestral Land Claim was not met, the judgment was void).

Therefore, "[a] judgment is typically not open to collateral attacks 'unless it is absolutely void, and it is not void unless made or entered without authority of law, or, as usually stated without jurisdiction.'" *Rico v. Nasser Bros. Realty Co.*, 137 P.2d 861, 863 (Cal. App. 1st Dist. 1943); *OC Int. Services, LLC v. Nationstar Mortg.*, LLC, 213 Cal. Rptr. 3d 395, 403 (Cal. App. 4th Dist. 2017) ("[A] judgment that is valid on the face of the record is generally *not* subject to collateral attack."); *see also* 40A Cal. Jur. 3d Judgments § 337 ("A collateral attack on an allegedly void judgment or order will lie only for a claim that the judgment or order is void on its face for the court's lack of personal or subject matter jurisdiction or for a claim that the court granted relief it had no power to grant."). *But see* 40A Cal. Jur. 3d Judgments § 337 ("Strangers to a judgment or order—that is, persons who were not parties or privies in the action in which it was issued and who therefore had no remedy against it—are not bound by the rule that in order to attack a judgment collaterally it must be void on its face; they may attack it for fraud or collusion.").

**B.    The Cruzes Have Failed to Provide Sufficient Grounds for Their Collateral Attack on the March 22, 2021 D&O, and Therefore, Summary Judgment Is Improper**

As stated above, the parties do not dispute that the March 22, 2021 D&O in DM0659-18, ordered the cancellation of the deed from Frank to the Cruzes. In addition, the parties do not dispute that the March 22, 2021 D&O ordered Frank "to immediately transfer title" to the Property to Jessica. Mot. for Summ. J., at Ex. S.

Although the Cruzes claim that the March 22, 2021 D&O is not effective yet because it has not been "memorialized" in the register of the certificate of title, the Cruzes seek relief that would challenge the overall validity of the orders within the March 22, 2021 D&O. Specifically, the Cruzes seek a "judgment quieting title" and for the Court to find that Frank, Yuko, and Jessica "have no enforceable interest" in the Property. *Id.* at 11; Complaint, at 9. Further, the Cruzes "pray that the Court finds the judgment from the March 22, 2021 Decision and Order in Case No. DM0659-18 does not affect the validity of the March 4, 2020, Warranty Deed." *Id.*

Therefore, while the Cruzes' do not explicitly state that the March 22, 2021 D&O is void, the Cruzes' requested relief is incompatible with the March 22, 2021 D&O being valid—that the Cruzes' deed is canceled and that the Property is transferred from Frank to Jessica. Thus, the Court finds that the Cruzes' quiet title action is effectively a collateral attack on the March 22, 2021 D&O and an attempt for this Court to set aside the orders contained within the March 22, 2021 D&O.

However, for a collateral attack to be brought by strangers to the action, the judgment must be void on its face or based upon fraud and collusion of the parties. *See* 40A Cal. Jur. 3d Judgments § 337. The Cruzes never alleged explicitly that the March 22, 2021 D&O is void on its face for jurisdictional reasons nor the result of fraud or collusion of the parties. Although the Cruzes make broad claims about not having the opportunity to be heard in DM0659-18 as parties, the Cruzes also acknowledge that Attorney John Bell "informed the Cruzes of legal proceedings that involve Frank Sik Yo and the sale of the Property" approximately "two months" after they recorded their deed on May 4, 2020. Mot. for Summ J., at 4-5. The Cruzes also acknowledge that a Notice of *Lis Pendens* was recorded at DLM on July 27, 2020. *Id.* at 4.

In addition, the March 22, 2021 D&O notes that Certificates of Service were filed by the Plaintiff on January 5, 2021 "confirming" that the Cruzes "were served notice of the underlying motion, hearing, and request for default." *See Id.* at Ex. S. The March 22, 2021 D&O also states that the Cruzes were present at the February 2, 2021 motion hearing in DM0659-18. *Id.*

Therefore, upon a review of the filings, the Court finds that the Cruzes have not put forward sufficient grounds to support a finding of a fundamental defect necessary for a collateral attack. *See Est. of Gogue,* 2020 Guam 26 ¶ 17. Thus, the Court cannot grant summary judgment quieting title to the Property which would effectively set aside the March 22, 2021 D&O in DM0659-18.[6]

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Cruzes' Motion for Summary Judgment on their quiet title claim.

**SO ORDERED**: _____AUG 1 0 2023_____

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

---

[6] On the other hand, a GRCP Rule 60(b) motion provides grounds for a party to seek relief from a "void judgment," and this relief is also available to nonparties, as acknowledged by the Cruzes. Cruzes' Further Briefing, at 5; *see Irvin v. Harris,* 944 F.3d 63, 70 (2d Cir. 2019) (finding that non-party can file a Rule 60 motion when there are "extraordinary circumstances in which a non-party had interests on which the outcome of the proceedings had significant consequences ... yet those interests had not been adequately represented during litigation, because of the peculiar structure of [the] case.").